**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CECIL WALTER MAX-GEORGE, | § | |
| (SPN #01324863) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-1215 |
| | § | |
| MARY LOU KEEL, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ON DISMISSAL**

Cecil Walter Max-George, an inmate at the Harris County Jail, sued in April 2010, alleging civil rights violations resulting from an illegal arrest. Max-George, proceeding *pro se* and *in forma pauperis,* sues Mary Lou Keel, Judge of the 232nd Judicial District Court of Harris County, Texas; Joshua Somers, Assistant District Attorney; Ray A. Castro, Court-Appointed Attorney, S.A. Brown, Harris County; Sheriff Deputy; and John Doe, Harris County Sheriff's Deputy.

The threshold issue is whether Max-George's claims are ripe for consideration. The court concludes that this civil action should be stayed pending completion of state criminal proceedings. The reasons for this ruling are set forth below.

**I.      Plaintiff's Allegations**

Max-George complains that the defendants conspired to arrest him without a warrant. He claims that the defendants tampered with government records and falsely charged him with criminal offenses.

Max-George asserts that he lived and worked at a warehouse located on West Little York. On the evening of December 25, 2009, he was at home with his young son. At about 2:00 a.m. on

December 26, 2009, three friends came to the location.  One of his friends, Sean Larry, wanted to smoke marijuana, but Max-George said he could not do that in the house and that Larry would have to go outside.

At 2:30 a.m., Harris County Sheriff's Deputy Brown came to the warehouse and asked for Max-George to produce some identification.  Deputy Brown then entered Max-George's warehouse. A second deputy grabbed Max-George and escorted him outside.  Deputy Brown searched Larry because Larry smelled like marijuana.  The deputies then arrested Max-George and charged him with possession of a controlled substance, possession of marijuana, and possession of a weapon.

Max-George complains that his court-appointed counsel failed to file certain motions on his behalf.  He complains that the defendants tampered with court documents by placing his motion for evidentiary hearing in a closed file.  He complains that the arresting officers lacked probable cause to enter his home, and they violated his constitutional rights by entering his home without a search warrant.

Max-George seeks an injunction prohibiting his further prosecution; exemplary damages of $150,000.00; compensatory damages of $85,000.00; and punitive damages of $65,000.00.

## II.   Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A governs

this suit by a prisoner against law enforcement officials. In *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998), the Fifth Circuit held that Section 1915A applies even when a prisoner has paid the required filing fee.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III.    Analysis

Max-George seeks monetary damages from the defendants for the allegedly illegal arrest and conspiracy. The court has learned that Max-George has been charged in Harris County with two criminal offenses. Online research reveals that Max-George was charged with possession of marijuana weighing four ounces to five pounds (Cause Number 1246004) and felon in possession of a weapon (Cause Number 1246003). Max-George indicates that these charges are still pending.

To recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable

under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Max-George has been charged in state court with possession of marijuana and being a felon in possession of a weapon. Max-George's allegations would, if true, necessarily implicate the validity of these charges and any potential convictions. *See Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer). Several circuits have held that *Heck* bars "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001); *Smith v. Holtz*, 87 F.3d 108, 110 (3rd Cir. 1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist.").[1] In considering this issue, the Fifth Circuit reasoned:

> The record does not clearly reflect that a successful attack on Mackey's arrests will implicate the validity of his confinement. It is not clear whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the March 21 indictment, the validity of which would not necessarily be

---

[1]    Other circuit courts have relied on *Smith* in extending *Heck* to pre-conviction criminal charges. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 (6th Cir. 1999); *Covington v. City of New York*, 171 F.3d 117, 124 (2nd Cir. 1999); *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997).

implicated by any illegality in earlier arrests. If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*. Of course, in any event any equitable relief in the nature of release from confinement would be barred by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may--indeed should--stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.

*Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In *Brown v. Taylor,* 139 Fed. Appx. 613, 2005 WL 1691376 (5th Cir. 2005), the Fifth Circuit stated, in an unpublished opinion, that to the extent that Brown's allegations concerned pending criminal charges, the district court's dismissal of his civil-rights complaint under *Heck* was erroneous. Where it remained unclear whether Brown had been tried or convicted on those charges, the Fifth Circuit stated that the district court should have stayed the instant action until the pending criminal case against Brown had run its course. *Id.* (citing *Mackey v. Dickson,* 47 F.3d 744, 746 (5th Cir. 1995)).[2]

The Supreme Court has explained that if a plaintiff files a false arrest claim before he has

---

[2]     *See also Busick v. City of Madison, Miss.,* 90 Fed. Appx. 713, 713-714 (5th Cir. 2004) (where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive because of ongoing criminal proceedings, the district court should have stayed the civil proceedings pending the resolution of the criminal charges against plaintiff).

been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007).  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.  *Wallace,* 549 U.S. at 394 (citing *Edwards v. Balisok,* 520 U.S. 641, 649 (1997)); *Heck,* 512 U.S. at 487.

Because Max-George's pleadings reflect that his criminal cases remain pending, the Court must stay and close this civil case until his state court proceedings are completed.

## IV.   Conclusion

The action filed by Cecil Walter Max-George, (SPN #01324863), is premature.  The Clerk must STAY and CLOSE this case for administrative purposes until further notice.  The plaintiff must file a "Motion to Reinstate" this case, if appropriate, within thirty days from the date that the state court criminal cases for possession of marijuana and felon in possession of a weapon are completed. Max-George's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is DENIED without prejudice to reconsideration upon reinstatement.  Max-George's Motion to Proceed Before a District Judge, (Docket Entry No. 5), is GRANTED.  Any remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on _____, 2010.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE